---

NAGLE v. RICHARD et al.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1909.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—QUESTIONS OF FACT—EVIDENCE—NON-SUIT.

Where there is a conflict in the evidence, and plaintiff is nonsuited, he is entitled on appeal to have the evidence construed most favorably to himself.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. § 927.*]

2. PRINCIPAL AND AGENT (§ 85*)—MUTUAL RIGHTS AND LIABILITIES—REIMBURSEMENT OF PAYMENTS FOR PRINCIPAL.

Defendants, copartners, were engaged in cutting and removing timber, and let the work to another person, who in turn sublet part of it to H. By

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agreement between defendants and H., they were to pay the men employed, and H. was to draw orders on one of the defendants, and give them to the men. The other defendant requested plaintiff to cash the orders, and such arrangement was made as a convenience for defendants, and subsequently the orders were presented by plaintiff to one of the defendants, the amount computed, and defendant promised to pay. *Held* that, though defendants were not liable on the orders, since they were not accepted in writing, as required by Negotiable Instruments Law (Laws 1897, p. 747, c. 612) § 223, they were liable on their contracts with plaintiff, as plaintiff, in cashing the orders, acted as their agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 224; Dec. Dig. § 85.*]

Appeal from Trial Term, Herkimer County.

Action by Dennis Nagle against John M. Richard and another. From a judgment for plaintiff, granting partial relief, he appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William S. Rhodes, for appellant.

Charles Bell, for respondents.

SPRING, J. In the latter part of the year 1905 the defendants in this action were copartners engaged in cutting and removing timber from a certain tract of land in Herkimer county. This work was let by them to one Mang, who in turn sublet part of it to one James Huckelbone. The plaintiff at this time was the proprietor of a hotel at a place called Salisbury in the vicinity of the lumber camp, and one Cytle was carrying on a store at the same place. There was an agreement between the defendants and Huckelbone that they were to pay the men employed on the timber job. The method of payment was for Huckelbone to draw orders on the defendant Morrison to the men from time to time. Some of these orders were cashed by the plaintiff, and some by Cytle, on the indorsement of the respective payees, and they were paid by the defendants. In the fall of 1905, while the work was in progress, the defendant Richard, after cashing a bunch of these orders, requested the plaintiff to cash the orders of Huckelbone for the men as they were presented. The plaintiff said he did not have the money to do this, and Richard told him to ask Cytle to cash them. Cytle and the plaintiff were near the timber camp, while the defendants were engaged in business some distance farther away, and the arrangement was made as a convenience for the defendants. The plaintiff delivered the request from Richard to Cytle, and afterwards both he and the plaintiff, in pursuance of said agreement, cashed orders made by Huckelbone to the laborers on the job and which were indorsed by these payees. Each of these orders was for a small sum, representing evidently pay for services for a short period, although aggregating a considerable amount. Some time after the orders were presented to the defendant Morrison by the plaintiff and Cytle, the amount of them computed, and Morrison promised to pay in a short time, but subsequently repudiated them. Cytle assigned his cause of action to the plaintiff.

The cause of action is based upon the orders and also upon a store account incurred by Huckelbone, which was made on the faith and credit of the defendants. The complaint, while founded on the orders, alleges:

"That between the 1st day of November, 1905, and the 1st day of January, 1906, at the special instance and request of defendants herein, he (the plaintiff) cashed and advanced the money on written orders drawn by one James Huckelbone upon these defendants to the amount and value of one hundred five dollars and fifty-six cents ($105.56)."

The trial court dismissed the complaint as to the orders, but submitted to the jury the question of the defendants' liability for the store account, and there was a verdict for the plaintiff, although for a much less sum than claimed. There was conflict in the testimony; but the plaintiff is entitled to the version most favorable to himself, for he was nonsuited as to the claim now before us for review.

If the action is to be considered as founded entirely upon these orders, no case was made out. There was no written promise to accept them (section 223, Negotiable Instruments Law [Laws 1897, p. 747, c. 612]), and they were not accepted in writing after they were drawn and presented. We think, however, the defendants are liable upon another ground. Cytle and the plaintiff were not interested in paying these laborers' wages, except indirectly. Money in the hands of these men might be spent at the hotel of the plaintiff or at the store of Cytle. The fact appears, however, that the men were paid at the request of the defendants. They had agreed to pay the men at work in clearing this timber. It was inconvenient for them to send the money to Huckelbone to carry out this agreement. For their own benefit, and to facilitate the carrying on of their business, they asked Cytle and the plaintiff to make these payments. The orders of Huckelbone, their man in charge for this purpose, are of no significance, except in determining the amount to be paid to each man. When paid, the order was the receipt—the evidence of the amount paid. The situation is no different than if Huckelbone had made out a weekly statement of the amount due each of the men, delivered it to Cytle or the plaintiff, and each man paid had written his name opposite the sum due him as evidence of payment. The point is, Cytle and the plaintiff were acting for the defendants in making these payments. They were the representatives, the agents on the ground, of the defendants, and their authority was to pay these men the sums which Huckelbone determined were due them from time to time as pay day came. The plaintiff is seeking to be reimbursed for the moneys paid out at the distinct request and for the benefit of the defendants.

The proof is not very full or satisfactory that all these sums were paid for wages. The case was taken from the jury, and the plaintiff was much hampered in presenting the evidence. I think, however, there was sufficient to submit to the jury. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide event. All concur.